**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **L'DOR V'DOR, LLC,** *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:26-cv-00120-DAE** |
| | § | |
| **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, AND GREAT AMERICAN INSURANCE COMPANY** *Defendants.* | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff L'Dor V'Dor, LLC ("Plaintiff" or "L'Dor V'Dor") in the above styled action and files its Plaintiff's First Amended Complaint ("Complaint") against Defendants Great American Insurance Company of New York ("GANY") and Great American Insurance Company ("GAIC"), and in support hereof would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff is a California limited liability company registered and doing business in the State of Texas.

2. Defendant Great American Insurance Company is an insurance company engaged in the business of insurance in the State of Texas. Upon information and belief, GAIC is organized under the laws of the State of Ohio and maintains its principal place of business in Cincinnati, Ohio. GAIC may be served with process through its registered agent for service of process, United

Agent Group Inc., 2595 N. Dallas Parkway, Suite 350, Frisco, Texas 75034, or wherever it may be found.

3. Defendant Great American Insurance Company of New York is an insurance company engaged in the business of insurance in the State of Texas. GANY has appeared in this action and may be served with process by and through its attorneys of record.

4. Plaintiff and Defendants may also be hereinafter referred to individually as a "Party" or collectively as the "Parties."

## II.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Burnet County, Texas, and because the insured property is located in Burnet County, Texas.

## III.
## STATUTORY NOTICE AND CONDITIONS PRECEDENT

7. Pursuant to § 542A.003 of the Texas Insurance Code and § 17.505 of the Texas Business and Commerce Code, Plaintiff, by and through its counsel, provided written notice to GAIC of the claims now made the subject of this action, including Plaintiff's claim for actual damages, dated July 25, 2025, in the manner and form required by law. GAIC has received a copy of such notice.

8. All other conditions precedent necessary to maintain this action and Plaintiff's claim under the subject insurance policy have been performed, occurred, or have been waived by

GAIC. Pleading in the alternative, GAIC is otherwise estopped from raising any conditions precedent due to GAIC's prior breach of the insurance contract.

## IV.
## FACTUAL BACKGROUND

9. Plaintiff is the owner of commercial property located at 2508 and 2510 North US Highway 281, Marble Falls, Texas 78654 (the "Property"). On or about April 9, 2024, the Property was damaged as a result of hail and wind during a storm event (the "Storm").

10. GAIC issued commercial insurance policy MAC E238622 06 00 (the "Policy") to Plaintiff which covered the Property from certain damages or losses incurred including hail damage during a storm event. The Policy issued by GAIC insured the Property at the time of the Storm.

11. Plaintiff would show it timely filed a claim with GAIC as required under the Policy for the repair or replacement of the damages to the Property caused by hail and wind during the Storm. Plaintiff initiated a claim under the Policy and made demand for payment on GAIC for the damages to the Property covered under the Policy. That claim was designated claim A00615667 (the "Claim").

12. After receiving the Claim, on May 6, 2024, August 27, 2024, and August 28, 2024, GAIC's representative Sam Nguyen with Haag Engineering Co. ("Haag") inspected the Property. On October 8, 2024, Haag produced a report based on Nguyen's on-site visual observations of the Property. The Haag Report, attached as Exhibit "A", acknowledged hail damage to the roof membrane that mandated repair. *See* Ex. "A", Haag Report, 5. ("Based on the quantifies [sic] of areas of interest, and the absence of widespread moisture in the roofing system, we concluded that the roofs could be repaired to restore the roof to its watertightness prior to the hailstorm."). Haag identified areas of moisture penetration at membrane puncture sites, and dozens of square feet of

roofing with moisture that had permeated the membrane. *See* Ex. “A”, Haag Report, 20. Haag then erroneously determined the hail damage did not adversely affect the water-shedding ability of the roof. This conclusion is a complete misrepresentation of the actual loss as Haag failed to properly consider obvious indications of wind and hail damage to the Property.

13. On April 24, 2025, North Star Forensics, LLC (“North Star”) inspected the Property and identified significant membrane punctures, latent membrane thinning, fractured insulation facers, and multiple indicators of interior water penetration, clearly refuting the Haag report. On July 25, 2025, Plaintiff sent notice of its pending claim, fully complying with the Texas Deceptive Trade Practices Act and Chapters 541 and 542 of the Texas Insurance Code, to GAIC. GAIC then failed to engage in any meaningful good-faith claim resolution practices. GAIC has not paid Plaintiff the sums necessary to repair the damage from the Storm despite overwhelming evidence of Storm damage and GAIC’s contractual obligations.

14. GAIC’s intentional and knowing unconscionable activity in failing to adopt and implement reasonable standards for prompt and fair investigation of claims violates § 17.50(a)(4) of the Texas Deceptive Trade Practices Act and Chapters 541 and 542 of the Texas Insurance Code. To date, GAIC has refused to pay sufficient costs to repair or replace significant damage covered under the Policy and caused by the Storm. GAIC has failed to properly or in good faith adjust the Claim pursuant to the Policy prior to and following its denial of the Claim.

## V.
## CAUSES OF ACTION

### A. Breach of Contract.

15. Plaintiff incorporates and re-alleges all of the facts set forth in Section IV. above as if set forth fully at length in this section.

16. Plaintiff and GAIC entered into the Policy in which GAIC agreed to indemnify Plaintiff for the necessary scope of repairs for damage to the Property for the covered damages according to the terms of agreement outlined in the Policy. The Policy is a binding and enforceable insurance contract between the Plaintiff and GAIC.

17. Plaintiff has complied with its obligations as required and necessary under the express terms of the Policy with GAIC or has been prevented by GAIC from doing so. All conditions precedent to Plaintiff's right of recovery pursuant to the Policy have occurred.

18. As a result of GAIC's refusal to comply with its obligations to Plaintiff under the Policy, GAIC has breached the Policy with Plaintiff.

19. GAIC's breach of the Policy proximately caused Plaintiff's damages, all of which were reasonably foreseeable to GAIC.

20. Plaintiff is entitled to reasonable attorneys' fees as allowed by Texas Civil Practice & Remedies Code § 38.001 et seq. and the Texas Insurance Code. Plaintiff presented demand for its reasonable attorneys' fees and more than sixty (60) days have expired since Plaintiff first presented demand for payment to GAIC. Plaintiff retained the undersigned counsel to recover the amounts owed. GAIC is bound and obligated to pay Plaintiff for the reasonable attorneys' fees and costs related to the collection of such sums pursuant to the provisions of Texas Civil Practice & Remedies Code § 38.001 et seq. and the Texas Insurance Code. All conditions precedent to Plaintiff's right of recovery have occurred or have been prevented by GAIC's conduct. Plaintiff has complied with all pre-suit requirements of the Texas Insurance Code prior to the filing of this lawsuit.

**B. Violation of the Texas Deceptive Trade Practices Act and the Texas Insurance Code.**

21. Plaintiff incorporates and re-alleges all of the facts set forth in Section IV. above as if set forth fully at length herein.

22. Plaintiff further files this action against GAIC pursuant to § 17.41 of the Texas Business and Commerce Code, commonly known as the Deceptive Trade Practices Act (the "DTPA") and chapters 541, 542, and 542A of the Texas Insurance Code.

23. GAIC was given written notice of the claims made the subject of this action, including a statement of Plaintiff's economic damages and attorney's fees and expenses before the suit was filed as required by the DTPA and the Texas Insurance Code. Tex. Bus. & Comm. Code § 17.505(a); Tex. Ins. Code § 542A.003. All conditions precedent to assert Plaintiff's statutory claims have been performed or have occurred.

24. GAIC is guilty of false, misleading, or deceptive acts or practices in the conduct of any trade or commerce in violation of the DTPA in the following respects:

a. GAIC violated Section 17.46(b)(5) of the Texas Business and Commerce Code by representing that its goods or services would have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have;

b. GAIC violated Section 17.46(b)(7) of the Texas Business and Commerce Code by representing that goods or services would be of a particular standard, quality, or grade when they were of another;

c. GAIC violated Section 17.46(b)(9) of the Texas Business and Commerce Code by advertising goods or services with an intent not to sell them as advertised;

d. GAIC violated Section 17.46(b)(12) of the Texas Business and Commerce Code by representing that an agreement confers or involves rights, remedies, or obligations which it did not have or involve;

e. GAIC violated Section 17.50(a)(2) of the Texas Business and Commerce Code by breaching express or implied warranties that the services contracted for would be as represented and fit for the particular purpose for which they were purchased, namely, the repair or replacement of commercial property damaged by a covered loss;

f. GAIC violated Section 17.50(a)(3) of the Texas Business and Commerce Code by using false, misleading, or deceptive acts or practices that were unconscionable actions or courses of action by taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and/or that resulted in a gross disparity between the value received and consideration paid; and

g. GAIC violated Section 17.50(a)(4) of the Texas Business and Commerce Code by using or employing an act or practice in violation of Chapter 541 of the Texas Insurance Code through its failure "in good faith to effectuate prompt, fair, and equitable settlement of claims" and to compel its policyholder to institute this lawsuit to recover the amount due under the Policy by offer substantially less than the amount ultimately recovered.

25. Plaintiff also sues to recover court costs and reasonable attorneys' fees pursuant to Section 17.50(d) of the Texas Business and Commerce Code.

26. In addition, GAIC violated multiple provisions of the Texas Insurance Code by:

a. Engaging in unfair claim settlement practices prohibited by Ch. 541 of the Texas Insurance Code as incorporated into the orders of the Texas State Board of Insurance;

b. Failing "to adopt and implement reasonable standards for prompt investigation of claims arising under (its) policies" in violation of Sec. 542.003(b)(3);

c. Failing, to, in good faith, "effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear" in violation of Sec. 542.003(b)(4);

d. Compelling policyholders to institute suits to recover amounts due under "its policies" by offering them substantially less than the amounts ultimately recovered in suits brought by them in violation of Sec. 542.003(b)(5); and

e. Engaging in "fallacious, misleading or deceptive acts or practices" in violation of § 17.46 of the DTPA.

27. This suit arises out of the acts and omissions of GAIC in improperly adjusting and wrongfully failing to pay Plaintiff's Claim and in engaging in unfair claim settlement practices, including as described above. GAIC engaged in a concerted outcome-oriented claims process in an attempt to avoid payment of Plaintiff's valid Claim. Specifically, GAIC engaged in unlawful practices prohibited by Chapters 541 and 542 of the Texas Insurance Code, including but not limited to:

a. Failing to properly and fairly adjust the Claim;

b. Failing to fully investigate the Claim;

c. Purposefully ignoring, omitting, and/or undervaluing the Claim;

d. Failing to provide a reasonable response to the insured;

e. Misrepresenting material facts and deceiving the insured;

f. Misrepresenting and engaging in actual/attempted fraud upon the insured;

g. Breaching its duty of good faith and fair dealing; and/or

h. Delaying and failing to promptly and fairly process and pay all or part of the claim more than sixty (60) days after receiving all items, statements, and forms requested and required.

## VI.
## PRE-JUDGMENT AND POST JUDGMENT INTEREST

28. Plaintiff would show that it is entitled to recover pre-judgment and post-judgment interest at the highest rates permitted by law on all sums due and owing to Plaintiff.

## VII.
## ATTORNEYS' FEES

29. Because of GAIC's conduct, Plaintiff has been compelled to engage the services of the undersigned attorney to prosecute the action. Plaintiff is therefore entitled to recover from GAIC the reasonable and necessary services of the undersigned attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas pursuant to § 38.001 of the Texas Civil Practice and Remedies Code, § 17.50(d) of the Texas Business and Commerce Code, § 541.152 of the Texas Insurance Code, and/or any other applicable law authorizing such recovery.

## VIII.
## EXEMPLARY DAMAGES

30. Plaintiff would further show that GAIC's breach was aggravated by the kind of conduct and intent for which the law allows the imposition of exemplary damages. GAIC's conduct included the making of material misrepresentations that were false and either known by GAIC to be false or made as a positive assertion with reckless disregard for the truth with the intent that Plaintiff rely on those misrepresentations. Plaintiff did rely on those misrepresentations and suffered harm as a result.

## IX.

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38 and reasserts and renews its prior demand for a trial by jury made in the State Court Action.

## X.
## PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that, upon final trial or other disposition of this action, Plaintiff have and recover from Defendant GREAT AMERICAN INSURANCE COMPANY the following:

a. Judgment for the benefits payable to Plaintiff under the Policy;

b. Actual damages for the harm suffered by Plaintiff in a sum as found by the trier of fact;

c. For GAIC's knowing conduct in violation of the Texas Insurance Code and/or the DTPA, treble damages calculated as three times the amount of Plaintiff's actual damages;

d. For GAIC's intentional conduct in violation of the Texas Insurance Code and/or the DTPA, treble damages calculated as three times the amount of Plaintiff's actual damages and mental anguish damages;

e. For GAIC's knowing or intentional conduct in violation of the Texas Insurance Code and/or the DTPA and/or breach of its duty of good faith and fair dealing, Plaintiff's mental anguish damages as found by the trier of fact;

f. Pre-judgment and post-judgment interest at the highest rates permitted by law;

g. Costs of suit;

h. Reasonable and necessary attorneys' fees; and

i. All such other and further relief, at law or equity, to which Plaintiff may be justly entitled.

Dated: May 14, 2026

Respectfully submitted,

/s/ Randal L. Dean

Randal L. Dean, Texas Bar No. 00789249
E-service: rdean@brownpruitt.com

**BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**
201 Main Street, Suite 700
Fort Worth, Texas 76102
Telephone: (817) 338-4888
Fax: (817) 338-0700

**ATTORNEY FOR PLAINTIFF L'DOR V'DOR, LLC**

**Certificate of Service**

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via the Court's CM/ECF filing system on this the 14th day of May, 2026.

/s/ Randal L. Dean
Randal L. Dean